UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MATTHEW KAISER, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 21-0727 (ABJ) |

**ORDER**

Plaintiff Larry Klayman, an attorney proceeding *pro se*, brought this defamation action against a number of officials and employees of the District of Columbia Bar after he was disciplined by the organization. *See* Compl. [Dkt. # 1] ¶¶ 3–8. Defendant Matthew Kaiser is Chair of the District of Columbia Board on Professional Responsibility, and plaintiff also sued Deputy Bar Disciplinary Counsel Julia Porter, Bar Disciplinary Counsel Hamilton Fox, III, and Lawrence Bloom, a Senior Staff Attorney at the D.C. Office of Disciplinary Counsel. Compl. ¶¶ 4–6, 8.[1]

---

1  Paragraph 7 of the complaint identifies H. Clay Smith as Assistant Bar Counsel, but there is no other reference to Smith in the complaint. *See* Compl. He does not appear in the caption of the complaint, and there is no indication that plaintiff served him with the complaint. *See* Compl.; Summons [Dkt. ## 2–5]; Notices of Appearance [Dkt. ## 7–9].

This case is one of a collection of lawsuits, involving many of the same defendants, that plaintiff has filed in this and other jurisdictions arising out of the bar's proceedings against him.[2]

Plaintiff Klayman predicates his defamation claim in this case on an article that appeared in Politico concerning a September 2020 hearing that was part of the bar proceedings. Compl. ¶¶ 17, 60–77. In it, reporter Josh Gerstein recounted the bar's allegations against Klayman and quoted arguments made by Porter, the Deputy Bar Disciplinary Counsel, at the hearing. Compl. ¶¶ 17, 36. Plaintiff asserts, "on information and belief," that "the entire Gerstein Article was written at the direction of Defendants," Compl. ¶ 11, and he points to language in the article reporting that "Bar officials say the record is mounting that Klayman is unfit to practice law," as evidence that defendants "collaborated with Gerstein" and "published false, malicious and defamatory statements to Gerstein with the expectation, instruction, and direction to republish them in Politico." Compl. ¶¶ 18–19; *see also* Compl. ¶ 21 ("On information and belief, they therefore put up and collaborated with Gerstein and Politico, who are of the same ideological and partisan ilk . . . .").

Plaintiff had filed two cases related to the D.C. Bar matters in this district before this one – *Klayman v. Porter*, No. 20-cv-3109 and *Klayman v. Porter*, No. 20-cv-3579 – and those were

---

2   In other jurisdictions, plaintiff filed *Klayman v. Porter*, No. 9:22-cv-80003-KAM (S.D. Fla. Jan. 6, 2022); *Klayman v. Porter*, Case No. 50-2022-CA000122XXXXMB (Fla. 15th Jud. Cir. Jan. 6, 2022); *Klayman v. Kaiser*, No. 20-cv-09490 (LB), 2021 WL 6882137 (N.D. Cal. Dec. 30, 2020); *Klayman v. Porter*, No. 1:20-cv-01014 (W.D. Tex. Oct. 2, 2020); *Klayman v. Porter*, No. 3:20-cv-02526, 2020 WL 1290973 (N.D. Tex. Aug 26, 2020), and *Klayman v. Porter*, No. 2020 CA 000756 B (D.C. Super. Ct. Oct. 1, 2020).

In this court, plaintiff filed two cases involving defendants Fox and Porter that were dismissed in 2019 and affirmed by the D.C. Circuit. *Klayman v. Fox*, No. 18-cv-1579 (RDM), 2019 WL 2396538 (D.D.C. June 5, 2019), aff'd *Klayman v. Lim*, 830 F. App'x 660 (D.C. Cir. 2020); *Klayman v. Lim*, No. 18-cv-2209 (RDM), 2019 WL 2396539 (D.D.C. June 5, 2019), aff'd *Klayman v. Lim*, 830 F. App'x 660 (D.C. Cir. 2020).

consolidated as related. When this case was filed, it was not consolidated with *Porter*, though, because the judge then presiding over the earlier cases recused herself on the grounds that she had been and remained "a member of the Disciplinary Panel for this District Court that imposed reciprocal discipline" on plaintiff for the conduct described in the article that forms the basis for plaintiff's defamation claims in this case. *Klayman v. Porter*, No. 20-cv-3109, Minute Order (May 6, 2021); *see also* Minute Order (Oct. 4, 2022) ("In other words, the lack of consolidation was not based on a determination that this case was not sufficiently related to the others to warrant consolidation . . . ."). The instant case remained assigned to this Court, and then, of relevance here, plaintiff filed *Klayman v. Kaiser*, No. 21-cv-965. The three other *Klayman* cases were ultimately consolidated before a single court pursuant to Local Civil Rule 40.5(c)(2). *See Porter*, 20-cv-3109 (RBW), 2022 WL 3715775, at *1, n.1 (D.D.C. Aug. 29, 2022), and the instant case was stayed pending resolution of motions to dismiss the consolidated cases. Minute Order (May 7, 2021).

On August 29, 2022, the *Porter* court granted defendants' motion to dismiss the consolidated cases on the grounds that "the defendants are entitled to absolute immunity from the plaintiff's damages claims." *Porter,* 2022 WL 3715775, at *11. Given this ruling in the related matters, the parties in this case were ordered to brief whether the reasoning in *Porter* applies here and warrants dismissal of this case. *See* Minute Order (Oct. 4, 2022); Defs.' Submission in Response to the Court's Oct. 4, 2022 Minute Order [Dkt. # 17] ("Defs.' Response"); Pl.'s Response to Court's Order of Oct. 4, 2022 [Dkt. # 18] ("Pl.'s Response"). Upon review of the submissions by both parties, the record before the Court, the ruling in *Porter*, and the applicable

law, the Court finds the reasoning in *Porter* to be persuasive and applicable, and it will dismiss this case on the grounds that defendants are immune from plaintiff's defamation claims.[3]

Defendants in this case, who were all defendants in *Porter*, *see* 2022 WL 3715775 at *1, are employees and officials of the D.C. Bar. The Board of Professional Responsibility, chaired by defendant Kaiser,[4] is authorized by the D.C. Court of Appeals, among other things, to "consider and investigate any alleged ground for discipline or alleged incapacity of any attorney," prepare and forward its own findings and recommendations to the D.C. Court of Appeals, and "reprimand attorneys subject to the disciplinary jurisdiction of the Court and the Board." D.C. Bar R. XI, § 4(e)(1), (7), (8). The Office of Disciplinary Counsel, which employs the other defendants, "investigate[s] all matters involving alleged misconduct by an attorney subject to the disciplinary jurisdiction of [the D.C. Court of Appeals]," and "prosecute[s] all disciplinary proceedings before Hearing Committees, the Board, and the Court." D.C. Bar R. XI, § 6(a)(2), (4).

Under D.C. Circuit precedent, "D.C. officials charged with disciplining individuals engaged in the unauthorized practice of law are entitled to the protection of absolute immunity," and "Disciplinary Counsel employees are immune from liability for damages on federal- or D.C.-law claims arising from their official actions of initiating and adjudicating disciplinary

---

[3] Klayman asserts there are a "litany of reasons" why the *Porter* decision is wrong but argues primarily that the case is on appeal, so it would be "entirely premature to give it any type of '*res judicata*' effect in this case." Pl.'s Response at 1. However, "[u]nder well-settled federal law, the pendency of an appeal does not diminish the *res judicata* effect of a judgment rendered by a federal court." *Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1497–98 (D.C. Cir. 1983), citing *Huron Holding Co. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 188–89 (1941) (dictum) and *Reed v. Allen*, 286 U.S. 191, 199 (1932). Moreover, the Court's ruling here is not simply an application of *res judicata*; it solicited the view of the parties and has independently determined that the reasoning set forth in *Porter* was persuasive and governs the instant dispute as well.

[4] Defendants submit that Kaiser's term as board chair has expired. Defs.' Response at 2 n.2.

charges." *Klayman v. Lim*, 830 F. App'x 660, 662 (D.C. Cir. 2020) (internal quotation marks omitted).

Plaintiff sued defendants in the *Porter* cases for tortious interference and abuse of process because they provided notice to courts in other jurisdictions about his D.C. Bar status and the disciplinary actions taken against him. *Porter*, 2022 WL 3715775, at *1, *4. Citing *Lim* and D.C. Bar Rule XI, the *Porter* court ruled that the defendants have "absolute immunity . . . as 'officials who act in a quasi-judicial capacity'" and concluded that "the defendants are entitled to absolute immunity from the plaintiff's damages claims." *Id.* at *10–11.

Here, the defamation claims arise out of an online news report that described the ongoing D.C. Bar disciplinary proceedings against the plaintiff. *See* Compl. ¶ 17. Throughout the complaint, plaintiff objects to both the tone and the accuracy of many of the reporter's statements in the article, *see, e.g.*, Compl. ¶¶ 17, 18, 29, 30, 35, 36, and 41, and he advances the theory, "upon information and belief," *see* Compl. ¶¶ 11, 14, and 21, that defendants made the statements quoted in the September 16, 2020 article to the journalist in a deliberate effort to harm plaintiff's reputation. *See, e.g.*, Compl. ¶¶ 10 and 19. Plaintiff argues that because this case does not involve sending letters to other courts as *Porter* did, the analysis in *Porter* is "completely inapplicable." Pl.'s Response at 3. But the Court finds that the claims in both case all arise out of defendants' carrying out their official duties under D.C. Bar Rule XI. A review of the complaint and the piece at issue reveals that the complained-of comments in the article were made by Porter on the record during the two-day disciplinary hearing. *See* Compl. ¶ 36; *see also* Josh Gerstein, *A Conservative Legal Gadfly Faces the Music*, Politico (September 16, 2020, 7:56 PM),

https://www.politico.com/news/ 2020/09/16/has-larry-klayman-finally-gone-too-far-416353.[5] As such, they were made in the course of Porter's performance of her official responsibility as Deputy Disciplinary Counsel to "prosecute all disciplinary proceedings before Hearing Committees, the Board, and the Court," D.C. Bar R. XI, § 6(a)(4), and is exactly the type of official action "entitled to the protection of absolute immunity." *Lim*, 830 F. App'x at 662, quoting *Simons v. Bellinger*, 643 F.2d 774 (D.C. Cir. 1980).

For this reason, and as explained in detail in *Porter*, defendants are immune from plaintiff's claims of defamation.[6] Therefore, this case is hereby **DISMISSED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  January 23, 2023

---

[5] The September 16, 2020 article is referenced by and incorporated into the complaint. Compl. ¶¶ 10, 29; *see, e.g.*, *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) (documents referenced in a complaint are incorporated into the complaint).

[6] Without deciding the issue of whether the alleged statements are defamatory, the Court notes that "[i]n communications during the course and as a part of a judicial proceeding in which an attorney participates as counsel, he is protected by an absolute privilege to publish false and defamatory matter of another so long as it has some relation to the proceeding. . . . [T]he doctrine of absolute immunity for statements in judicial proceedings reflects a judgment that the need for completely free speech for litigants is dominant, and that this freedom is not to be endangered by subjecting parties to the burden of defending their motives in subsequent (defamatory) litigation." *United States v. Hurt*, 543 F.2d 162, 167 (D.C. Cir. 1976) (internal quotation marks omitted).